Alan M. Anzarouth
Attorney at Law
3111 Camino Del Rio North, Suite 1325
San Diego, CA 92108
    Tel. (619) 398-9390
    CA State Bar No. 84888

Attorney for Plaintiff

FILED
2008 APR 17 PM 1:18
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 0704 BTM CAB

| | |
|---|---|
| Belal Husni Samara,<br>   DHS File No. A78 630 171,<br>      Plaintiff,<br>        vs.<br>Paul Pierre, District Director,<br>   U.S. Citizenship and Immigration Services<br>Michael Chertoff, U.S. Secretary of<br>   Homeland Security, and<br>Michael Mukasey, U.S. Attorney General,<br>   Defendants. | Civil No:<br><br>**COMPLAINT AND APPLICATION FOR HEARING RE FAILURE TO ADJUDICATE NATURALIZATION APPLICATION WITHIN 120 DAYS AFTER EXAMINATION** |

Plaintiff, by his attorney, complaining of the Defendants, allege as follows:

1.     Plaintiff Belal Husni Samara is a citizen of Jordan, and has been a lawful permanent resident of the United States since May 14, 2001. Plaintiff resides within the jurisdiction of this Court.

2.     Paul Pierre is the District Director of the U.S. Citizenship and Immigration Services (CIS), an agency of the United States Government, in San Diego, California. This Defendant is sued herein in his official capacity. He is responsible for the processing of applications for naturalization for applicants who reside within San Diego County, State of California, under 8 USC 1421, et. seq., and 8 CFR 310, et. seq.

3.     Michael Mukasey is the U.S. Attorney General, an agency of the United States Government, in Washington, D.C. This Defendant is sued herein in his official capacity. He is responsible for the processing of security clearance checks conducted by the Federal Bureau of

Investigation (FBI), which the CIS maintains must be completed before it can approve any application for naturalization, under 8 USC 1421, et. seq., and 8 CFR 310, et. seq.

4. Michael Chertoff is the Secretary of Homeland Security, an agency of the U.S. Government, in Washington, D.C. This Defendant is sued herein in his official capacity. He is responsible for overseeing the operations of the CIS, pursuant to 8 USC 1421, et. seq., and 8 CFR 310, et. seq.

5. The Court has jurisdiction of this action pursuant to 8 USC 1447(b), 28 USC 1331, 28 USC 1361, 28 USC 1651, 5 USC 701, et. seq., and 28 USC 2201, et. seq..

6. On February 8, 2006, Plaintiff filed a Form N-400 application for naturalization with the CIS, pursuant 8 USC 1430(a), which requires three years continuous residence and good moral character in the United States. At the time that the plaintiff filed his application for naturalization, he already had been married to his U.S. citizen spouse for more than five years. He and his wife are the parents of two U.S. citizen children. On March 23, 2006, Plaintiff provided his biometric fingerprints to the CIS. On June 20, 2006, a CIS district adjudications officer (DAO) examined the Plaintiff on his naturalization application. Plaintiff asserts that he provided true, accurate, and complete information on the application form that he filed with the CIS, as later modified by the DAO at the naturalization examination. He further maintains that he answered truthfully all questions posed to him by the DAO at the examination. Plaintiff passed the tests of English and U.S. history and government. He satisfied all physical presence, residence and good moral character provisions of the U.S. naturalization laws. He swore that during the three-year period prior to the filing of the application and continuing to the date of examination, he had not been arrested or convicted of any crime, and had not violated any U.S. immigration law. He expressed his desire to take an oath of allegiance to the U.S. government, affirmed his belief in the Constitution, and evidenced a willingness to bear arms on behalf of the United States. At the

conclusion of the examination, the DAO provided Plaintiff with a Form N-652 Naturalization Interview Results, which states that, "You passed the tests of English and U.S. history and government," "USCIS will send you a written decision about your application," and "A decision cannot yet be made about your application." Plaintiff provided to the DAO a certified copy of his August 31, 2001, misdemeanor conviction for embezzlement in the Superior Court at Perris, California. The DAO acknowledged that the conviction falls outside the three-year period of good moral character.

7.  20 months have passed since the Plaintiff was examined by the DAO on his naturalization application. To date, however, the CIS has failed to adjudicate Plaintiff's application.

8.  Plaintiff has exhausted all his available administrative remedies.

9.  Defendants' refusal to act in this case is, as a matter of law, arbitrary, and not in accordance with the law.

10. Plaintiff has been greatly damaged by the failure of the Defendants to act in accord with their duties under the law.

11. The Defendants, in violation of the Administrative Procedures Act, 5 USC 701, et seq., have unlawfully withheld or unreasonably delayed adjudicating Plaintiff's application for naturalization, and have failed to carry out the adjudicative and administrative functions delegated by law and regulation with regard to Plaintiff's case.

12. 8 USC §1447(b) provides this Court with jurisdiction to immediately adjudicate and approve Plaintiff's naturalization application. That section of law reads as follows:

> If there is a failure to make a determination under [8 USC §1446] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

13. Given that more than 120 days has passed since the date on which the CIS conducted Plaintiff's naturalization examination, the Defendants have lost, as a matter of law, jurisdiction to adjudicate the naturalization applications in this matter. ***Thus, as provided by statute, the U.S. District Court has sole jurisdiction to adjudicate this matter***.

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Adjudicate and approve Plaintiff's naturalization application, and administer the full oath of allegiance as a U.S. citizen, pursuant to 8 USC 1448.

B. Order the Defendants to have their agents process this case to a conclusion;

C. Order that the Defendants pay reasonable attorney fees; and

D. Order other and further relief as it may deem proper under the circumstances.

DATED: April 17, 2008

_____
ALAN M. ANZAROUTH
Attorney for Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Belal Husni Samara

**DEFENDANTS**
Paul Pierre, District Director, U.S. Citizenship and Immigration Services, Michael Chertoff, U.S. Secretary of Homeland 

(b) County of Residence of First Listed Plaintiff  **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alan M. Anzarouth, 3111 Camino del Rio N., Suite 1325
San Diego, CA 92108 (619) 398-9390

Attorneys (If Known)
'08 CV 0704 BTM CAB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** / ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | **Habeas Corpus:** / ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 530 General | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | **IMMIGRATION** | |
| | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
8 U.S. Code Section 1447(b)

Brief description of cause:
USCIS has failed to adjudicate Plaintiff's application for naturalization within 120 days after interview

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)  JUDGE _____  DOCKET NUMBER _____

DATE: 04/17/2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 149853  AMOUNT $350  APPLYING IFP  JUDGE  MAG. JUDGE

4/17/08

```
      UNITED STATES
      DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

      # 149853     - SH

       April 17, 2008
          13:18:27


       Civ Fil Non-Pris
   USAO #.: 08CV704
   Judge..: BARRY T MOSKOWITZ
   Amount.:              $350.00 CA



      Total-> $350.00



   FROM: BELAI HUSNI SAMARA V. PIERRE
         ET AL
```