KAREN P. HEWITT
United States Attorney
MEGAN CALLAN
Assistant U.S. Attorney
California State Bar No. 230329
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Email: Megan.Callan@usdoj.gov
Telephone: (619) 557-7120
Facsimile: (619) 557-5004

Attorneys for Defendants

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BELAL HUSNI SAMARA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>PAUL PIERRE, District Director, San Diego District, U.S. Citizenship and Immigration Service; MICHAEL CHERTOFF, Secretary of Department of Homeland Security; MICHAEL B. MUKASEY, U.S. Attorney General,<br><br>　　　　　　Defendants. | Case No. 08cv0704-BTM (CAB)<br><br>ANSWER BY DEFENDANTS |

　　　　COME NOW Defendants Paul Pierre, et al., by and through their counsel, Karen P. Hewitt, United States Attorney, and Megan Callan, Assistant United States Attorney, and in answer to Plaintiff's Complaint and Application for Hearing Re Failure to Adjudicate Naturalization Application Within 120 Days After Examination ("Complaint"), set forth the following:

　　　　1.　　Answering Paragraph 1 of the Complaint with respect to the first sentence, Defendants admit the allegations therein. With respect to the second sentence, Defendants admit that Plaintiff resides within the jurisdiction of the Court only to the extent that Plaintiff last represented his residence to Defendants as within the jurisdiction of the Court.

　　　　2.　　Answering Paragraph 2 of the Complaint, with respect to the first sentence, Defendants admit the allegations contained therein. With respect to the second sentence, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its

1  determination, and no answer is therefore required. To the extent an answer is required, said allegations
2  are denied. With respect to the third sentence, Defendants state that Paul Pierre, in his official capacity
3  as District Director of the San Diego District of U.S. Citizenship and Immigration Services ("USCIS"),
4  is responsible for overseeing the processing of certain naturalization applications, as assigned to the San
5  Diego District by USCIS or the Department of Homeland Security. In all further respects, Defendants
6  deny the allegations contained in the third sentence.

7  3.     Answering Paragraph 3 of the Complaint, with respect to the first sentence, Defendants
8  admit the allegations contained therein. With respect to the second sentence, Defendants state that the
9  allegations contained therein are legal conclusions solely within the purview of the Court and for its
10 determination, and no answer is therefore required. To the extent an answer is required, said allegations
11 are denied. With respect to the third sentence, Defendants state that Michael B. Mukasey, in his official
12 capacity as U.S. Attorney General, is responsible for overseeing the processing of security checks that
13 are completed by the Federal Bureau of Investigations ("FBI"). Answering further, Defendants state that
14 USCIS relies upon the FBI to complete some of the security checks that must be completed and evaluated
15 by USCIS prior to USCIS's adjudication of a naturalization application. In all further respects,
16 Defendants deny the allegations contained in the third sentence.

17 4.     Answering Paragraph 4 of the Complaint, with respect to the first sentence, Defendants
18 admit the allegations contained therein. With respect to the second sentence, Defendants state that the
19 allegations contained therein are legal conclusions solely within the purview of the Court and for its
20 determination, and no answer is therefore required. To the extent an answer is required, said allegations
21 are denied. With respect to the third sentence, Defendants state that Michael Chertoff, in his official
22 capacity as Secretary of the Department of Homeland Security, is responsible for overseeing the
23 functioning of the component agency, USCIS. In all further respects, Defendants deny the allegations
24 contained in the third sentence.

25 5.     Answering Paragraph 5 of the Complaint, Defendants state that the allegations contained
26 therein are legal conclusions solely within the purview of the Court and for its determination, and no
27 answer is therefore required. To the extent an answer is required, said allegations are denied.
28 ///

6. Answering Paragraph 6 of the Complaint, with respect to the first sentence, Defendants admit that Plaintiff filed an Application for Naturalization (Form N-400) on February 8, 2006. Defendants state that the remaining allegations in the sentence are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied. With respect to the second, third, fifth, eighth, eleventh, twelfth, and thirteenth sentences, Defendants admit the allegations therein. With respect to the fourth, sixth, seventh, ninth, tenth, and fourteenth sentences, Defendants lack sufficient information or belief at this time to form an opinion as to the truth of the allegations therein and on that basis deny the allegations.

7. Answering Paragraph 7 of the Complaint, with respect to the first sentence, Defendants admit the allegations therein. With respect to the second sentence, Defendants deny that USCIS has "failed" to adjudicate Plaintiff's application. Answering further, Defendants assert that USCIS continues to process Plaintiff's application and it remains pending.

8. Answering Paragraph 8 of the Complaint, Defendants deny the allegations therein.

9. Answering Paragraph 9 of the Complaint, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

10. Answering Paragraph 10 of the Complaint, Defendants lack sufficient information or belief at this time to form an opinion as to the truth of the allegations therein and on that basis deny the allegations.

11. Answering Paragraph 11 of the Complaint, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

12. Answering Paragraph 12 of the Complaint, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

///

///

13. Answering Paragraph 13 of the Complaint, Defendants state that the allegations contained therein are legal conclusions solely within the purview of the Court and for its determination, and no answer is therefore required. To the extent an answer is required, said allegations are denied.

No answer is required to Plaintiff's prayer for relief. To the extent an answer is required, said allegations are denied.

## AFFIRMATIVE OR OTHER DEFENSES

All allegations not here before specifically admitted, denied, or modified, are hereby denied. For further and separate answer, Defendants allege as follows:

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

### SECOND DEFENSE

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

### THIRD DEFENSE

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

### FOURTH DEFENSE

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray that Plaintiff takes nothing by reason of his suit herein, that judgment be rendered in favor of Defendants, for costs of suit herein incurred, and for such other and further relief as this court may deem proper.

Dated: June 17, 2008

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

s/ Megan Callan

MEGAN CALLAN
Assistant U.S. Attorney
Attorneys for Defendants
Email: Megan.Callan@usdoj.gov

1  KAREN P. HEWITT
   United States Attorney
2  MEGAN CALLAN
   Assistant U.S. Attorney
3  California State Bar No. 230329
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Email: Megan.Callan@usdoj.gov
   Telephone: (619) 557-7120
6  Facsimile: (619) 557-5004

7  Attorneys for Defendants

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10 BELAL HUSNI SAMARA,            )   Case No. 08cv0704-BTM (CAB)
                                  )
11              Plaintiff,         )
                                  )
12      v.                        )   CERTIFICATE OF SERVICE
                                  )
13 PAUL PIERRE, District Director, San Diego)
   District, U.S. Citizenship and Immigration)
14 Service; MICHAEL CHERTOFF, Secretary)
   of Department of Homeland Security;)
15 MICHAEL B. MUKASEY, U.S. Attorney)
   General,                       )
16                                )
               Defendants.         )
17 _____)

18 IT IS HEREBY CERTIFIED THAT:

19      I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My
   business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.
20
        I am not a party to the above-entitled action. I have caused service of: **ANSWER BY
21 DEFENDANTS** on the following party by electronically filing the foregoing with the Clerk of the
   District Court using its ECF System, which electronically provides notice.
22
        Alan M. Anzarouth, Esq.
23      Attorney for Plaintiff

24 I declare under penalty of perjury that the foregoing is true and correct.

25      Executed on June 17, 2008.

26                                          s/ Megan Callan
                                            Megan Callan
27

28